IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEREK BETHEA,<br><br>                Plaintiff,<br><br>   v.<br><br>CAESAR'S CASINO, et al.,<br><br>                Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 15-7593 (JBS-AMD)<br><br>**OPINION** |

APPEARANCES:

Derek Bethea, Plaintiff Pro Se
887858-538681A
East Jersey State Prison
Lock Bag-R
Rahway, NJ 07065

**SIMANDLE, Chief Judge:**

I.   INTRODUCTION

    Before the Court is Plaintiff Derek Bethea's ("Plaintiff"), submission of a civil rights complaint pursuant to 42 U.S.C. § 1983. Complaint, Docket Entry 1. By Order dated July 27, 2016, this Court granted Plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and ordered the Clerk to file the complaint pending screening on the merits, Docket Entry 9.

    At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a

claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint will be dismissed for failure to state a claim upon which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. BACKGROUND

Plaintiff, a prisoner confined in East Jersey State Prison ("EJSP"), brings this civil rights action against the Caesar's Casino in Atlantic City and its security staff. The following factual allegations are taken from the complaint and are accepted for purposes of this screening only. The Court has made no findings as to the truth of Plaintiff's allegations.

Plaintiff states that on August 19, 2013, he was illegally detained by a security supervisor after gambling in the casino. Complaint at 1. He states that the supervisor instructed the cashier not to let Plaintiff cash out. *Id.* at 2. Plaintiff then attempted to leave the casino, but a security guard came up behind him and jumped on his back. *Id.* at 2-3. Plaintiff was thrown to the ground and detained by casino security. *Id.* at 3. He states he was never given his *Miranda*[1] warnings. He was held at the casino until an employee of the Division of Gaming Enforcement arrived and told the casino staff "that he, the law

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

2

enforcement officer is the only one that can detain someone by law and not the security staff, and holding [Plaintiff] in that holding cell is civil, get him out of that room and give him back . . . his casino cheques you confiscated from him, and let him leave Caesar's Casino." *Id.* at 4-5. Plaintiff states $100 was missing from the funds returned to him and that his hip was injured as that a result of the security guards' actions. *Id.* at 5. He further alleges the casino filed a false disorderly conduct complaint against him, which was later dismissed. *Id.* at 6. Plaintiff asks the Court to file a criminal complaint against the security guard and security supervisor. *Id.* at 7. He further requests the appointment of counsel to represent him in his action for violations of his civil rights.

### III. STANDARD OF REVIEW

#### A. Standards for a Sua Sponte Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon

3

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(b) because Plaintiff is a prisoner proceeding *in forma pauperis*.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[2] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014)

---

[2] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x. 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

4

(quoting *Iqbal*, 556 U.S. at 678). "A complaint that pleads facts 'merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief.' The plausibility determination is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786-87 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678-79).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). Although pro se pleadings are liberally construed, they "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

**B. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of

>     any rights, privileges, or immunities secured by the
>     Constitution and laws, shall be liable to the party
>     injured in an action at law, suit in equity, or other
>     proper proceeding for redress ....

§ 1983. Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**IV. ANALYSIS**

Plaintiff seeks to bring assault, false imprisonment, harassment, excessive force, and malicious prosecution claims against Caesar's Casino and its employees. Section 1983 only provides for relief from state actors. "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). Plaintiff does not allege any state actors violated his rights.

"[T]he deed of an ostensibly private organization or individual," such as Caesar's Casino and its employees, may be treated as state action if, and only if, "there is such a 'close

nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974)). The complaint does not allege any facts for the Court to find for screening purposes that the casino and its employees were state agents. Indeed according to the complaint, the only state actor involved, an employee of the Division of Gaming Enforcement, specifically stated that the casino had no authority to act on behalf of the state. Complaint at 4-5. As Plaintiff has failed to allege an essential element of a § 1983 claim, that a state actor committed the wrongful conduct, his federal claims must be dismissed for failure to state a claim.[3]

Even if Plaintiff were to allege facts suggesting state involvement, the complaint appears upon its face to be barred by the statute of limitations. The statute of limitations on civil rights claims is governed by New Jersey's two-year limitations period for personal injury.[4] *See Wilson v. Garcia*, 471 U.S. 261,

---

[3] To the extent the complaint raises claims under New Jersey state law, the Court declines to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c).

[4] "Although the running of the statute of limitations is ordinarily an affirmative defense, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint sua sponte under § 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to

276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). Plaintiff states he was detained and assaulted on August 19, 2013. Complaint at 1. The statute of limitations on his claims therefore expired on August 19, 2015, nearly two months before he submitted his complaint for mailing on October 12, 2015. As it is apparent from the face of the complaint that the claims are barred by the statute of limitations, they are subject to dismissal.

Finally, to the extent Plaintiff asks this Court to file criminal charges against Defendants, the Court cannot grant this relief as the Court does not have the power to bring criminal charges. The ability to bring criminal charges lies solely with the executive branches of the state and federal governments. Therefore, all requests for prosecuting criminal claims against Defendants are dismissed.

Generally, "plaintiffs who file complaints subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Here, it is clear that Plaintiff's allegations are based on the actions of Caesar's Casino and its employees, not any state actor, and are therefore not appropriately brought in federal court. As such,

---

state a claim." *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 111-12 (3d Cir. 2013) (per curiam)

amending the complaint would be futile. The complaint is therefore dismissed with prejudice.

**IV. CONCLUSION**

For the reasons stated above, Plaintiff's complaint is dismissed with prejudice for failure to state a claim, 28 U.S.C. § 1915(e)(2)(B)(ii). An appropriate order follows.


 **October 17, 2016**　　　　　　　　　　　　**s/ Jerome B. Simandle**
Date　　　　　　　　　　　　　　　　　　JEROME B. SIMANDLE
　　　　　　　　　　　　　　　　　　　　Chief U.S. District Judge