```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| DEREK BETHEA,<br><br>          Plaintiff,<br><br>     v.<br><br>CAESAR'S CASINO, et al.,<br><br>          Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 15-7593 (JBS-AMD)<br><br>**OPINION** |

APPEARANCES:

Derek Bethea, Plaintiff Pro Se
887858-538681A
East Jersey State Prison
Lock Bag-R
Rahway, NJ 07065

**SIMANDLE, Chief Judge:**

**I.   INTRODUCTION**

Before the Court is Plaintiff Derek Bethea's ("Plaintiff"), motion for reconsideration of this Court's dismissal of his civil rights complaint. Docket Entry 12. For the reasons set forth below, the motion is denied.

**II.  BACKGROUND**

Plaintiff, a prisoner confined in East Jersey State Prison ("EJSP"), filed this civil rights action against the Caesar's Casino in Atlantic City and its security staff. He alleged that he was illegally detained and searched by a security supervisor after gambling in the casino on August 19, 2013. Complaint at 1.

Plaintiff further alleged that a security guard jumped on his back when he attempted to leave the casino, threw Plaintiff to the ground, and injured Plaintiff's back and hip. *Id.* at 2-3; Motion for Reconsideration ¶¶ A-B. He also indicated the security guard filed a false disorderly conduct complaint against him, which was later dismissed. Complaint at 6; Motion for Reconsideration ¶ C.

The Court reviewed the complaint pursuant to 28 U.S.C. § 1915(e) as Plaintiff is a prisoner proceeding *in forma pauperis*. On October 17, 2016, the Court dismissed the complaint as Plaintiff had failed to state a claim under 42 U.S.C. § 1983 as he had not sufficiently alleged the federal constitutional violations were committed by person acting under color of state law. Slip Opinion at 6-7.[1] The Court denied leave to amend as it was evident from the face of the complaint that the claims were barred by New Jersey's two-year statute of limitations and that amendment would be futile. Plaintiff submitted this Motion for Reconsideration on November 7, 2016. A notice of appeal was received by the Third Circuit and referred to this Court to be deemed filed as of November 25, 2016.

---

[1] The Court declined to exercise supplemental jurisdiction over any state law tort claims. 28 U.S.C § 1367(c); Slip Opinion at 7 n.3.

### III. STANDARD OF REVIEW

Local Civil Rule 7.1 allows a party to seek a motion for reargument or reconsideration of "matter[s] or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked . . . ." Local Civ. R. 7.1(i). Whether to grant a motion for reconsideration is a matter within the Court's discretion, but it should only be granted where such facts or legal authority were indeed presented but overlooked. *See DeLong v. Raymond Int'l Inc.*, 622 F.2d 1135, 1140 (3d Cir. 1980), *overruled on other grounds by Croker v. Boeing Co.*, 662 F.2d 975 (3d Cir. 1981); *see also Williams v. Sullivan*, 818 F. Supp. 92, 93 (D.N.J. 1993).

To prevail on a motion for reconsideration, the movant must show:

> (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court ... [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

*U.S. ex rel. Shumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014) (citing *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). The standard of review involved in a motion for reconsideration is high and relief is to be granted sparingly. *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994). Mere disagreement with

3

the Court's decision is not a basis for reconsideration. *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

**IV. ANALYSIS**

Plaintiff asserts the Court erred in dismissing his complaint and by misstating his claims. He states he is not pursuing assault, false imprisonment, harassment, excessive force, and malicious prosecution claims, but was instead filing aggravated assault and "swearing out a false complaint" claims. Motion for Reconsideration ¶ H. He also indicates "the state actor involved is the employee of the state, an officer of Division of Gaming Enforcement," who is liable "jointly for gross negligence to render defendants answerable as joint tortfeasors, concurrent negligence, because security staff failed to secure me from being harmed by the security staff as a customer in Caesar's Casino . . . ." *Id.* ¶ D.

Nothing in Plaintiff's motion warrants reconsideration of the Court's dismissal order as he has not set forth a violation of federal statutory or constitutional law by a person acting under color of state law. Even accepting as true Plaintiff's statement that he was detained without an arrest warrant and searched without a search warrant, he has not set forth a violation of the Fourth Amendment. The Fourth Amendment, as made applicable through the Fourteenth Amendment, protects against

4

unreasonable searches and seizures by government officials. The casino and its employees are not state actors to whom the Fourth Amendment applies. Likewise, Plaintiff's allegation that a false complaint was sworn out against him does not sufficiently make out a federal claim under § 1983 because the person instigating the complaint, a casino security officer, is not a state actor.

The fact that a Division of Gaming Enforcement employee was tangentially involved does not mean the casino and its employees acted under color of state law; Plaintiff specifically stated in his complaint that the Division of Gaming Enforcement employee told the casino it had no authority to detain Plaintiff on the state's behalf. Complaint at 4-5. "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). Whatever claims Plaintiff may have against Caesar's Casino and its staff, federal court is not the place in which to pursue them.

Moreover, Plaintiff has not addressed the fact that the complaint is barred by the two-year statute of limitations. To the extent his submission of a letter from the Atlantic County Department of Law dated July 11, 2014, Motion for Reconsideration at 13, constitutes an attempt to explain the delay in filing, it is insufficient to warrant any tolling of

the limitations period. The letter indicates Plaintiff requested his medical records from the Atlantic County Department of Public Safety/Adult Detention, and was informed that "there is no problem releasing this information to you" upon payment of copying and mailing fees in the amount of $8.80. *Id.* This does not provide grounds for tolling the statute of limitations from the expiration of the limitations period on August 19, 2015 to the date the complaint was mailed, October 12, 2015.

The motion for reconsideration is denied.

**V.  CONCLUSION**

For the reasons stated above, the motion is denied. An appropriate order follows.

 **December 6, 2016**  
Date

 **s/ Jerome B. Simandle**  
JEROME B. SIMANDLE  
Chief U.S. District Judge